IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CASH WHITMORE,**
No. 14863-052,

        Petitioner,

vs.                               CIVIL NO. 13-cv-01230-DRH

**JEFFREY S. WALTON,
CASE MANAGER STRAUS, and
UNIT MANAGER HERBERT,**

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Cash Whitmore, an inmate at the United States Penitentiary in Marion, Illinois, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the loss of good conduct credit as a result of a disciplinary conviction while housed at the Federal Correctional Institution in Fort Dix, New Jersey.

Whitmore was convicted of possessing amphetamines, for which he lost 40 days of good conduct time, 60 days of non-vested good conduct time, was sent to segregation for 30 days, and lost visitation privileges of 180 days, followed by visitation limited to immediate family for 180 days (*see* Doc. 1-1, pp. 10-12).

Whitmore also presents an assortment of related constitutional claims, generally asserting that his punishment was excessive, he was denied due process at the disciplinary hearing, prison employees ignored Bureau of Prisons standards of conduct, and officials have failed to follow grievance procedures, preventing him from exhausting administrative remedies. In addition to seeking restoration of a total of 100 days of good conduct time, petitioner seeks other relief that the Court deems "fair, equitable and just" (Doc. 1. p. 8).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

As a preliminary matter, Case Manger Strauss and Unit Manager Herbert must be dismissed as respondents. Usually, a prisoner's immediate custodian is the only proper respondent to a petition under 28 U.S.C. § 2241. *See al- Mari v. Rumsfeld,* 360 F.3d 707, 712 (7th Cir. 2004).

At the outset, this Court must also independently evaluate the substance of Whitmore's claims to determine if they are actionable under Section 2241. *Bunn v. Conley,* 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States,*

304 F.3d 761, 763 (7th Cir. 2002) (the court must evaluate independently the substance of the claim being brought, to see if correct statute is being utilized). Only Whitmore's Fourteenth Amendment due process and Eighth Amendment excessive punishment arguments can be addressed in a Section 2241 petition; therefore, his other claims will be dismissed without prejudice. Nevertheless, for the reasons that follow, the petition fails on the merits.

### I. Discussion

Petitioner's challenge to the loss of visitation privileges, his vague allegation of discrimination, and the complaints regarding the violation various prison regulations are all essentially challenges to the conditions of his confinement. Without commenting on the merits, such claims must be brought in a civil rights action, not a habeas petition. *See Graham v. Broglin,* 922 F.2d 379, 381-82 (7th Cir. 1991) (a habeas petition is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody.") Because petitioner is a Federal inmate, that action would be brought pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971).

The federal habeas corpus statue cannot be used to challenge conditions of confinement; instead, it is used to attack the fact or duration of an inmate's confinement in prison by seeking an immediate or speedier release from custody. *See* 28 U.S.C. § 2241(c)(3); *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *see also Glaus v. Anderson,* 408 F.3d 382, 386-87 (7th Cir. 2005); *DeWalt v. Carter,*

224 F.3d 607, 617 (7th Cir. 2000). Although the Eighth Amendment issue usually falls under the reach of a *Bivens* action, in *Nelson v. Campbell*, 541 U.S. 637, 643 (2004), the Supreme Court recognized that, Section 1983 yields to the more specific habeas statute when the fact of confinement or duration of confinement is challenged.

A claim for restoration of wrongfully revoked good conduct credit is properly brought in a Section 2241 action. *See Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011)(presenting a due process claim); *Waletzki v. Keohane,* 13 F.3d 1079 (7th Cir.1994)(denial of good-time credits lengthened sentence and brought claim within ambit of Section 2241). Whitmore premises his attack on his disciplinary sentence upon two constitutional principles, the Fourteenth Amendment right to due process, and the Eighth Amendment's prohibition against excessive punishment.

### A. Due Process

> In the context of a prison disciplinary hearing, due process requires that the prisoner receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *See Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir.2007); *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). A disciplinary decision must also be supported by "some evidence" to satisfy due process. *Scruggs,* 485 F.3d at 941 (quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985)).

*Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011).

Whitmore contends that the disciplinary hearing officer, did not check on the statements of adverse witnesses, or otherwise investigate the drug charge (*see* Doc. 1, p. 7).

Attached to the petition is the Disciplinary Hearing Officer Report, which is not disputed in any way (except relative to the conclusion and punishment) (Doc. 1-1, pp. 10-12). The report indicates that Whitmore requested witnesses, in that he testified in his own defense, asserting that he had left his locker open and another inmate had placed the contraband in his locker (Doc. 1-1, pp. 10-11). Based on the violation reports (which included a positive field test) and photos, the hearing officer concluded that "the greater weight of evidence" was consistent with the charged violation (Doc. 1-1, p. 11).

Whitmore does not identify any witness(es) he would have called or what testimony would have been offered. Similarly, he does not explain who or what was not investigated. Rather, Whitmore merely asserts that additional investigation would have exonerated him. As in *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003), under harmless error analysis, the failure to identify how a witness (or other evidence) would have altered the outcome is fatal. *See also Jones*, 637 F.3d at 847. Any error was harmless.

**B. Excessive Punishment**

In keeping with the Eighth Amendment, punishment cannot be grossly disproportionate to the crime and must bear some relationship to the gravity of

the offense. *See United States v. Yu Tian Li*, 615 F.3d 752, 757 (7th Cir. 2010). In the instant situation, Whitmore was convicted of possessing drugs (amphetamines) in prison. As punishment, Whitmore lost a total of 100 days of good conduct credit.

A 100-day penalty for a minor drug offense is not grossly disproportionate to the severity of the conduct to offend the Eighth Amendment. *See Rummel v. Estelle*, 445 U.S. 263 (1980) (a life sentence imposed on a recidivist who had committed three felonies involving no more than $120.75 in the worst case, was not cruel and unusual punishment); *Jackson v. Sneizek*, 342 Fed.Appx. 833 (3rd Cir. 2009) (loss of 406 days of good time credit for refusing to provide a urine sample was not excessive punishment).

## II. Disposition

**IT IS HEREBY ORDERED** that, **CASE MANGER STRAUSS** and **UNIT MANAGER HERBERT** are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Whitmore's conditions of confinement claims are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, for the reasons stated, the Section 2241 petition for writ of habeas corpus is **DENIED with prejudice**. Judgment shall enter accordingly.

No Certificate of Appealability is required because "such certificates are not required in habeas corpus cases brought solely under 28 U.S.C. § 2241." *Lindstrom v. Graber*, 203 F.3d 470, 473 (7th Cir. 2000). *See also Moran v. Sondalle*, 218 F.3d (7th Cir. 2000) (a petition contesting the denial of good time credits does not require a certificate of appealability).

**IT IS SO ORDERED.**

Signed this 19th day of December, 2013.

Digitally signed by David R. Herndon
Date: 2013.12.19 11:48:48 -06'00'

**Chief Judge**
**United States District Court**